IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| KERRY CORNELIUS STANFIELD,<br><br>Petitioner,<br><br>vs.<br><br>MARTIN FRINK; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 12-45-BU-DLC-CSO<br><br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

Kerry Cornelius Stanfield petitions for writ of habeas corpus under 28 U.S.C. § 2254. Now pending is the Respondents' Motion to Dismiss the remaining claim with prejudice. The motion has been well briefed by both parties. For reasons explained below, it is recommended that the motion be granted.

**I. Background**

Stanfield challenges his conviction, following jury trial, for sexual assault, a violation of Mont. Code Ann. § 45-5-502(1), involving K.A., a girl under the age of 14, *see id.* § -502(5)(a)(ii). *Am. Pet. (Doc. 3) at 2 ¶¶ 1-6*. He was acquitted on charges he assaulted other, older girls and provided them with alcohol and cigarettes. All but one of his claims have been denied for lack of merit. *See Order (Doc. 18) at 8 ¶ 1*; *see also id. at 5, 9 ¶ 2* (denying Stanfield's claim that juror and judge, who shared last name "Newman," must be related).

1

The remaining claim alleges that a trial juror, Ms. Newman, was related by marriage ties to both K.A. and to Stanfield. *Status Report (Doc. 22) at 2-3 ¶ 3(a)-(d); Stanfield Aff. (Doc. 17-1) at 2.* The transcript does not reflect that Ms. Newman responded when the lawyers asked whether anyone knew Stanfield or whether anyone "had a situation where a family [member] or friend was sexually assaulted at all." *See 1 Trial Tr. (Doc. 9-22) at 14:11-15:22; 35:1-3.*

In light of the new factual information about Juror Newman, counsel was appointed on May 9, 2013, to represent Stanfield. On July 26, 2013,Stanfield was ordered to show cause why the remaining claim should not be dismissed with prejudice as time-barred or as procedurally barred.[1] *Order to Show Cause (Doc. 23) at 10 ¶ 1.* He was also ordered to file a Second Amended Petition with his response to the Order to Show Cause if he intended to assert a claim of ineffective assistance of counsel. *Id. ¶ 2.*

Stanfield responded on November 1, 2013. He did not file a Second Amended Petition, and does not assert a claim of ineffective assistance of counsel. He did, however, assert that the evident time-bar and procedural bar to the petition should be excused under *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012),

---

[1] In the initial Findings and Recommendation, the Court stated that Stanfield's claims were time-barred and most were procedurally barred as well. But the merits of the claims were addressed notwithstanding the procedural obstacles. *Findings and Recommendation (Doc. 14) at 5-6.* In his objections to the Findings and Recommendation, Stanfield provided additional facts regarding the remaining claim, which the Court considered. *See Order (Doc. 18) at 6.*

under *Bills v. Clark*, 628 F.3d 1092 (9th Cir. 2010), and on the grounds that a fundamental miscarriage of justice would occur if the Court did not hear his remaining claim. The latter claim was based on Stanfield's investigator's report that K.A. recanted after trial. *Resp. to Order (Doc. 28) at 7-8.*

After reviewing Stanfield's response, the Court rejected Stanfield's claim that *Martinez* could excuse his failure to present the juror bias claim in the state courts. *Order to State (Doc. 32) at 3-4*. The Court also ordered Respondents ("the State") either to file a motion or an Answer. *Order to State (Doc. 32).*

## II. Application of Time Bar and Procedural Bar

### A. Federal Statute of Limitations

Stanfield's claim regarding Juror Newman is subject to dismissal for failure to comply with the federal statute of limitations, 28 U.S.C. § 2244(d). As Stanfield has identified no alternative "trigger" date, his federal petition had to be filed within one year of the date his conviction became final. 28 U.S.C. § 2244(d)(1)(A). The Montana Supreme Court closed his appeal on July 1, 2009. *Order at 1, State v. Stanfield, No. DA 08-0589 (Mont. filed Nov. 21, 2008), available at http://supremecourtdocket.mt.gov (accessed Oct. 3, 2014)*. His conviction became final ninety days later, on September 29, 2009. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012); U.S. Sup. Ct. R. 13(3). The federal petition should have been filed on or before September 29, 2010.

3

On July 9, 2012, Stanfield filed in this Court a "Notice of Intent to File Writ of Habeas Corpus." Notice (Doc. 1). He did not submit a pleading containing claims for relief until August 8, 2012. Am. Pet. (Doc. 3) at 7, Pet'r Decl. ¶ C; *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (establishing prison mailbox rule); *cf.* Rule 2(c), Rules Governing § 2254 Cases; *Mayle v. Felix*, 545 U.S. 644, 650 (2005); Fed. R. Civ. P. 15(c)(1)(B). The claim regarding Juror Newman's relationship to K.A. was asserted for the first time on that day, Am. Pet. at 5 ¶ 15C, one year and ten months after the limitations period expired.

Statutory tolling is not available under 28 U.S.C. § 2244(d)(2), because Stanfield's petition for postconviction relief was dismissed as untimely by the trial court. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005); *Trial Court Orders (Docs. 9-35, 9-38); Case Register Report (Doc. 9-1) at 5 Entry 116.*

Consequently, unless Stanfield shows a reason to apply equitable tolling, *Holland v. Florida*, 560 U.S. 631, 649 (2010), or to excuse the limitations period altogether, *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013), the petition is time-barred.

### B. Procedural Default of Claim in State Court

Stanfield did not present a claim regarding Juror Newman in the state courts. Generally, a state prisoner must first present to the state courts all the federal claims for relief he intends to rely on in federal court. *Rose v. Lundy*, 455 U.S. 509,

4

520 (1982). Because state law precludes Stanfield from filing a second postconviction petition, *see* Mont. Code Ann. § 46-21-105(1)(b), he may not now return to state court to exhaust the claim. The claim is defaulted. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *see also Smith v. Baldwin*, 510 F.3d 1127, 1137-39 (9th Cir. 2007) (en banc).

A federal court may hear this defaulted claim only if Stanfield shows either cause for the default and resulting prejudice from the asserted error, or a fundamental miscarriage of justice to excuse his default. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

### III. Stanfield's Attempts to Excuse Procedural Bars

The parties agree *(see Court Doc. 34 at 2; Court Doc. 39 at 5, 7-8)*, that the petition is subject to dismissal as time-barred and procedurally barred. Thus, Stanfield must excuse both the time bar and the procedural bar to obtain a hearing on the merits of his claim.

#### A. Actual Innocence

Both the time bar and the procedural bar may be excused if the federal court's failure to hear the merits of a petitioner's claim would result in a fundamental miscarriage of justice. *Perkins*, 133 S. Ct. at 1928; *Coleman*, 501 U.S. at 750. The test is met only if the petitioner shows that, in light of new evidence, it is more likely than not that no reasonable juror would find him guilty beyond

5

reasonable doubt. *House v. Bell*, 547 U.S. 518, 536-37 (2006); *Schlup v. Delo*, 513 U.S. 298, 327 (1994).

In his response to the Order to Show Cause, Stanfield presented argument that his investigation indicated that K.A.'s mother and grandmother had stated that K.A. had recanted her trial testimony after the trial had concluded. *Resp. to Order (Doc. 28) at 7-8.* But the State asserts that K.A.'s recantation is not "new" evidence. *Br. in Supp. (Doc. 35) at 17-18*. The State reminds the Court that K.A. testified under oath at trial and was available for cross-examination regarding the truthfulness of her statements and motivations for testifying. Because K.A. testified, the State concludes that suggestions that she was "forced" to testify cannot be considered "new". Many courts, including the United States Supreme Court, have cautioned that recantations should be examined with "great suspicion." *See, e.g., Dobbert v. Wainwright,* 468 U.S. 1231, 1233-34 (1984).

Even if it is considered "new" evidence, however, it does not establish Stanfield's claim of actual innocence. His claim of actual innocence must be assessed "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Schlup*, 513 U.S. at 328.

Two factors preclude Stanfield from meeting the "demanding" *Schlup*

standard. *See Perkins,* 133 S.Ct. at 1936. First, the recantation is presented only as a description of counsel's investigation. No statement, sworn or otherwise, is before the Court. K.A. was not interviewed in connection with this case. No evidentiary hearing has been requested by Stanfield. *Cf. Schlup,* 513 U.S. at 331-32. Thus, there is no evidentiary support for a finding that K.A. recants her trial testimony. Second, in addition to K.A.'s trial testimony that Stanfield had sexually assaulted her "too many times to count" (*Doc. 9-22 at 198:19),* Stanfield admitted in an interview that he sexually abused K.A. The State filed the audio recording of Stanfield's confession to sexual contact with K.A. It was played at trial. *See 1 Trial Tr. (Doc. 9-22) at 240:15-242:24.* A juror could reasonably find that Stanfield's allegations about the manner in which his interviews were conducted, *see id. at 235:10-236:4; 2 Trial Tr. (Doc. 9-23) at 333:1-16, 358:22-362:1,* were not credible. That being so, the same juror could also reasonably find that Stanfield's interview tended to corroborate K.A.'s testimony at trial. *See, e.g.*, *Audio CD (Doc. 36) at 11:28-14:37; 1 Trial Tr. (Doc. 9-22) at 197:16-203:1*; Mont. Code Ann. §§ 45-2-101(67), -5-502(1) (2005).

Stanfield fails to show that this is one of those "rare" and "truly extraordinary" cases (*Schlup v. Delo, 513 U.S. at 320)* where it is likely that no reasonable juror would have convicted him in light of newly discovered evidence of innocence. The fundamental miscarriage of justice exception does not apply.

## B. **Procedural Default: Claims Outside the Trial Record**

Stanfield properly acknowledges that *Martinez* applies only when state prisoners attempt to show cause to excuse default of a claim of ineffective assistance of *trial* counsel. He also acknowledges that, in *Nguyen v. Curry*, 736 F.3d 1287, 1295 (9th Cir. 2013), the Ninth Circuit extended the reasoning of *Martinez* to prisoners attempting to excuse default of claims of ineffective assistance of *appellate* counsel. Relying on Justice Scalia's dissent in *Martinez,* however, Stanfield suggests that *Martinez* should be further extended to prisoners attempting to excuse default of any claim that is based on facts outside the record produced at trial. *See Doc. 39 at 8.*

This argument fails under the reasoning and holdings of *Martinez* and *Nguyen*. *Martinez* recognizes that "[t]he right to the effective assistance of counsel at trial is a bedrock principle in our justice system." 132 S. Ct. at 1317 (quoting *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963), and *Powell v. Alabama*, 287 U.S. 45, 68-69 (1932)). There is a principled basis for restricting the *Martinez* majority's rule to claims of ineffective assistance of counsel: the principle is the Sixth Amendment right to counsel. *Martinez* is not a new-evidence case; no question or issue of any kind was posed as to when Martinez learned or should have learned of *trial* counsel's ineffectiveness. ("The centerpiece of the Court's analysis in *Martinez* is the fundamental importance of effective assistance of

8

counsel guaranteed by the Sixth Amendment." *Nguyen*, 736 F.3d at 1292. *Nguyen*, like *Martinez*, depends not on when a claim becomes available but on the special role played by defense counsel in criminal proceedings. Its extension of *Martinez* is consistent with that case. But Stanfield's argument would carry the court far beyond both *Martinez* and *Nguyen*. Similar arguments have been rejected by other courts, including the Ninth Circuit. *See, e.g., Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013).

Although Stanfield states he was aware of the Juror Newman issue at the trial, he failed to raise this issue on the record of the trial court (and does not here raise questions regarding ineffective assistance of counsel). Stanfield failed to raise the Juror Newman issue on appeal or in state post-conviction proceedings. He has failed to show cause to excuse his failure to present the juror bias claim in state court. Thus, the Court does not reach the question whether he can show prejudice.

Because Stanfield does not show cause for his default of the juror bias claim in state court, and because he does not show a fundamental miscarriage of justice, his claim should be dismissed with prejudice as procedurally defaulted without excuse.

### C. Time Bar: Mental Impairment

With respect to equitable tolling, counsel was ordered to make a "reasonable investigation" of any factual support for equitable tolling and to make a *prima*

9

*facie* showing that Stanfield was entitled to it. *Order to Show Cause (Doc. 23) at 8.* Stanfield acknowledges that, to be entitled to equitable tolling, he must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida,* 560 U.S. 631, 649 (2010) (*citing Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). Stanfield claims he is entitled to equitable tolling because he has a "severe mental impairment" that prevented him either from understanding the need to timely file or from filing a minimally adequate petition. *See Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010); *Resp. to Order to Show Cause at 6.*

In support of his *Bills* claim, Stanfield produced exhibits showing the results of his mental health examination upon intake into prison. The exhibits show that, on September 30, 2008, Stanfield reported that he previously had a psychological evaluation and was told he "might" have bi-polar disorder or be suffering from PTSD. *Intake Mental Health Screening (Doc. 30 at 1)*. On November 12, 2008, however, a clinical intake assessment showed that, despite dyslexia, ADHD, "hyper" (presumably hyperactivity), and possible anti-social personality disorder, *Clinical Intake Assessment (Doc. 30 at 5, 7)*, no treatment goals and no further services were deemed necessary, *id. (Doc. 30 at 7-8)*. The Court notes that Stanfield had a psychological evaluation before trial indicating, among other things, possible organic brain damage from chronic alcoholism, *see Scolatti Report*

*at 15-34 (Doc. 9-21 at 20-39)*. Dr. Scolatti specifically found Stanfield had "severe impairment or problems in social and/or occupational functioning." *Id.* at 33.

But the existence of a mental impairment, even a severe one, is not sufficient to support equitable tolling. Stanfield points to no evidence that his mental impairment "interfered with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure." *Bills*, 628 F.3d at 1100. Therefore, he does not show his mental impairment "was a but-for cause of any delay." *Id.* Stanfield was not sufficiently diligent to warrant equitable tolling under *Bills*.

Stanfield fails to show that he was unable to file a timely federal petition, whether by himself or with the assistance of others. *See Bills*, 628 F.3d at 1059-1100. He also has failed to show that he pursued his claims diligently to the extent he could understand them. When the state court denied his petition as untimely, he did not file anything in federal court for more than a year. Nearly two years elapsed after his state court conviction became final before he filed substantive claims in this Court. He has provided no explanation for these delays. The evidence submitted to date does not support further proceedings.

Stanfield has not shown a basis for equitable tolling. Because he has also failed to show actual innocence, he cannot avoid the time bar. His claim should be dismissed with prejudice as untimely.

## IV. Certificate of Appealability

Although the juror bias claim meets the relatively low threshold of 28 U.S.C. § 2253(c)(2), *see Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), reasonable jurists would not disagree as to the procedural rulings. Stanfield has not shown that no reasonable juror could have found him guilty beyond reasonable doubt. Stanfield gave a statement admitting he engaged in sexual activity with the victim. The victim's alleged recantation of her trial testimony is unspecific and unsubstantiated. The actual innocence exception does not apply. *Martinez* cannot be extended so far as to excuse Stanfield's failure to present in state court his claim that Juror Newman was biased against him. Although he claims he told counsel about Juror Newman's conflict, he does not plead a claim of ineffective assistance of counsel. The petition is also time-barred.

Given an opportunity to show a basis for equitable tolling, Stanfield points to no evidence that his mental impairment played a role in causing him to file too late. A certificate of appealability is not warranted on the claim regarding Juror Newman.

The District Court should also deny a COA on Stanfield's other claims. *See generally Findings and Recommendation (Doc. 14).* The presentence report was incorrect in some respects. It was prepared following a no-contest plea that was

later vacated, and that fact was not reflected; but the parties and the sentencing judge were well aware of the correct facts. Stanfield's claim that the trial judge was related to one of the jurors is specious. As to the speedy trial claim, most of the delay in the 508-day period between arrest and trial was due to Stanfield's needs for an evaluation of his fitness to proceed, presentation of a motion to suppress, and a mutual mistake by the parties about the no-contest plea. Further, Stanfield was convicted on one count involving a years-long course of conduct, not an isolated incident as to which detailed memory was crucial, so there is no reason to suspect he was suffered an unusual degree of prejudice. Finally, while Stanfield is correct that the State "altered" the audio recording of his statement, it did so in order to prevent the jury from hearing about other charges. The verdict showed the jury did not rely heavily on his statement anyway, because Stanfield was acquitted of other charges related to facts he admitted. There is no reason to encourage further proceedings on these claims.

A COA should be denied as to all claims.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Respondents' motion to dismiss (Doc. 34) should be GRANTED and Stanfield's remaining claim should be DISMISSED WITH PREJUDICE as time-barred and as procedurally defaulted without excuse.

13

2. The Clerk of Court should be directed to enter, by separate document, a judgment against Petitioner and in favor of Respondents on all claims.

3. A certificate of appealability should be DENIED as to all claims.

DATED this 8th day of October, 2014.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge