IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| KERRY CORNELIUS STANFIELD, | CV 12-45-BU-DLC-CSO |
| Petitioner, | |
| vs. | ORDER |
| | **FILED** |
| MARTIN FRINK; ATTORNEY GENERAL OF THE STATE OF MONTANA, | FEB 2 5 2015 |
| | Clerk, U.S. District Court District Of Montana Missoula |
| Respondents. | |

Petitioner Kerry Cornelius Stanfield ("Stanfield") filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2008 Montana state conviction for felony sexual assault on a minor. Stanfield previously brought five claims challenging his conviction and all but one have been denied by the Court for lack of merit. The remaining claim, based on Stanfield's allegations that a trial juror in his case was related to the victim, was remanded for further proceedings.

Upon remand, United States Magistrate Judge Carolyn S. Ostby entered her Findings and Recommendation on October 8, 2014, recommending that Stanfield's petition be dismissed and a certificate of appealability be denied because Stanfield's remaining claim was time barred and procedurally defaulted.

1

Stanfield timely filed objections and is therefore entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, the Court adopts Judge Ostby's Findings and Recommendation in full. The parties are familiar with the factual and procedural background of this case, so it will not be repeated here.

## I. Equitable Tolling

Stanfield objects to Judge Ostby's finding that he failed to show a basis for equitable tolling. Stanfield does not dispute that Judge Ostby correctly found that his petition for post-conviction relief was untimely, but argues that his untimeliness should be excused because psychological and cognitive problems prevented him from timely filing his § 2254 petition. Stanfield further asserts that "the Magistrate failed to give adequate consideration to this evidence and that he is entitled to equitable tolling under *Bills*." (Doc. 42 at 5.) The Court disagrees.

In *Bills v. Clark*, 628 F.3d 1092, 1099 (9th Cir. 2010), the Ninth Circuit established that a habeas petitioner is eligible for equitable tolling if the petitioner can satisfy a two-part test. First, a petitioner seeking equitable tolling due to

2

mental impairment must show that the impairment was so severe that: (1) the "petitioner was unable rationally or factually to personally understand the need to timely file"; or (2) the "petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." *Id.* at 1099–1100. Second, the petitioner must show that he pursued the claim diligently "to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances." *Id.* at 1100. Under this totality of the circumstances analysis, the Court must consider whether Stanfield's impairment was the "but-for cause" of his delayed filing. *Id.*

Here, Stanfield fails to show that but for his mental impairment, he would have timely filed his petition. Stanfield presents no evidence to the Court that his mental impairment "interfere[d] with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure." *Id.* The evidence provided by Stanfield does, arguably, suggest some level of mental impairment. However, as Judge Ostby discussed in her Findings and Recommendation, the mere existence of a mental impairment, by itself, does not warrant equitable tolling. *See Id.* at 1099–1100. Stanfield must demonstrate how his mental impairment prevented him from understanding the need to timely file or how his mental impairment

prevented him from preparing his habeas petition, with or without assistance. *Id.* at 1100. Stanfield fails to do so. Additionally, Stanfield does not show that he pursued his claims diligently during the period preceding the deadline for filing his petition. *Holland v. Florida*, 560 U.S. 631, 638 (2010) (citation omitted). There is no evidence in the record showing that Stanfield's mental impairment caused his delayed filing.

Stanfield's argument that Judge Ostby failed to give proper consideration to the evidence provided is not well taken. Judge Ostby throughly discussed Stanfield's prison intake mental health screening and also reviewed a pre-sentencing psychosexual evaluation conducted by Dr. Michael Scolatti. After reviewing these records, Judge Ostby rightly concluded that Stanfield failed to satisfy his burden under *Bills*.

Moreover, the Court notes that Stanfield does not request a hearing to further develop the factual record. Even if Stanfield had requested a hearing, the Court finds that further proceedings are not necessary in this case. When countervailing evidence "indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010), citing *Laws v. Lamarque*,

351 F.3d 919, 924 (9th Cir. 2003) ("[a] petitioner's statement, even if sworn, need not convince a court that equitable tolling is justified should countervailing evidence be introduced"). Here, there is ample evidence in the record that conflicts with Stanfield's assertion that his mental impairment caused his delayed filing.

First, though Stanfield's prison intake mental health screening suggests that he has some psychological and cognitive problems, the mental health technician found that these problems did not warrant further mental health services or treatment goals. Stanfield's mental status in terms of behavior, consciousness, memory, and cognition were all found to be within normal range. Stanfield was further described as "lucid" and "somewhat cooperative." (Doc. 30 at 7.) In fact, the only "present illness" identified by Stanfield at the time of intake was "[d]epression since the divorce." (*Id.* at 3.) Aside from his desire "to understand himself more," Stanfield reported no complaints to the mental health technician. (*Id.*)

Second, the psychological and psychosexual evaluation by Dr. Scolatti also counters Stanfield's claim that his mental impairment prevented him from timely filing his § 2254 petition. Like his prison intake screening, the psychological and psychosexual evaluation reported that Stanfield has some psychological problems.

However, Dr. Scolatti emphasized that these problems did not hinder Stanfield's ability to participate in and understand the legal process:

> [Stanfield] is able to protect himself and utilize the legal safeguards available to him. Overall, Mr. Stanfield does not appear to have any significant psychological disorders or problems that would significantly prevent or impair him from participating in his case. He appears to possess adequate cognitive and emotional abilities to effectively communicate with his attorney, understand the court proceedings and appreciate his legal rights and options in his case . . . .

(Doc. 9-21 at 21.) Though the prison screening and psychological evaluation took place prior to the statutory period set for timely filing his § 2254 petition,[1] Stanfield fails to allege any facts that suggest his mental state declined following these assessments. The findings of these two assessments run counter to Stanfield's argument that his mental impairment was so severe that it caused his petition to be untimely filed. Stanfield has failed to show a basis for equitable tolling.

---

[1] Stanfield's pre-sentence psychological and psychosexual evaluation was issued Feburary 4, 2008. His prison intake mental health screening was conducted September 30, 2008. Judge Ostby found, and Stanfield does not dispute, that the statutory period for a timely appeal was from September 29, 2009, through September 29, 2010. This would mean that only one year had passed since Stanfield's mental health screening and the start of the period for a timely appeal. Stanfield alleges no facts suggesting that his psychological condition worsened during this time period.

## II. Procedural Default

Stanfield next objects to Judge Ostby's finding that he has failed to show cause for his procedural default. The Court notes that Stanfield does not object to Judge Ostby's finding that the fundamental miscarriage of justice exception does not apply to this case because he failed to show that no reasonable juror would have found him guilty beyond a reasonable doubt in light of the newly discovered evidence. Instead, Stanfield contends that the exception to procedural default identified in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), should be extended to this case. The Court disagrees for two reasons.

First, as stated by Judge Ostby, the exception carved out in *Martinez* for defaulted claims was squarely aimed at situations where a petitioner asserts a claim of ineffective assistance of trial counsel and the claim could not be raised at an earlier proceeding. *Martinez*, 132 S.Ct. at 1318–1319. Further, other cases which expand upon the exception identified in *Martinez* were also directed at claims of ineffective assistance of counsel. *See e.g. Nguyen v. Curry*, 736 F.3d 1287, 1295 (9th Cir. 2013) (extending the *Martinez* exception to claims of ineffective assistance of appellate counsel). Here, Stanfield does not claim ineffective assistance of counsel. *Martinez* is inapposite to this case.

Second, the Ninth Circuit has rejected a similar argument for extending the *Martinez* exception in *Hunton v. Sinclair*, 732 F.3d 1124, 1126–1127 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 1771 (2014). There, a habeas petitioner subject to procedural default argued that the *Martinez* exception should be extended to *Brady* claims, since both are essential to a fair trial. However, the Ninth Circuit recognized the limited holding of *Martinez* and refused to extend the exception to *Brady* claims. Like the Ninth Circuit, this Court recognizes the narrow holding of Martinez and rejects Stanfield's argument that the exception should be extended to claims of juror bias. As such, Stanfield's claim of juror bias is dismissed as procedurally defaulted.

Stanfield's arguments with respect to procedural default and timeliness fall short of "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(a)(2). Accordingly, a certificate of appealability is denied.

There being no clear error in Judge Ostby's remaining Findings and Recommendation, IT IS ORDERED:

(1) Judge Ostby's Findings and Recommendation (Doc. 41) are ADOPTED IN FULL.

(2) Stanfield's petition (Doc. 3) for a writ of habeas corpus is DENIED.

The Clerk of Court is directed to enter by separate document a judgment in favor

of Respondents and against Stanfield.

(3) A certificate of appealability is DENIED.

DATED this __25th__ day of February 2015.

Dana L. Christensen, Chief Judge
United States District Court